UNITED STATES of America, Plaintiff,

v.

The LIQUID CARBONIC CORP., et al.,
Defendants.

Civ. 9179.

United States District Court
E. D. New York.

Sept. 2, 1954.

Satterlee, Warfield & Stephens, New York City, James F. Dwyer, New York City, of counsel, for defendant.

Alfred Karsted, Dept. of Justice, Washington, D. C., in opposition.

RAYFIEL, District Judge.

The plaintiff commenced this action under the Sherman Act, sections 1 and 2 of Title 15 U.S.C.A., charging that the defendant, Liquid Carbonic Corp., hereinafter called Liquid, together with the other defendants herein, engaged in an illegal combination and conspiracy to re-

strain competition and monopolize interstate commerce in connection with the manufacture, distribution and sale of carbon dioxide and dry ice.

Thereafter the parties consented to the entry of a decree bearing date the 7th day of March, 1952, which provided, inter alia, for the following relief against the defendant Liquid: section IX(E) of the decree directed the sale of the Long Island City and Indianapolis plants of Liquid by a court-appointed trustee under terms and conditions therein provided, the sale to be effected within one year from the date of the decree, which time was later extended to June 1, 1953, as to the Long Island City plant, and to November 2, 1953, as to the Indianapolis plant. The trustee was unable to obtain a purchaser for either plant.

Section XIII of the judgment provided that "Jurisdiction is retained for the purpose of enabling any of the parties to the Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment or for the modification or amendment of any of the provisions thereof, the enforcement of compliance therewith and the punishment of violations thereof."

Thereafter the Government moved under said section for an order carrying out the judgment by directing Liquid to dispose of its Long Island City and Indianapolis plants, and for such other and further orders as might be deemed appropriate and necessary.

Liquid's opposition to the Government's motion rested chiefly on the premise that the sole method of divestiture provided by the judgment, viz.: the sale through the court-appointed trustee, had failed of success, and that the granting of the Government's motion would constitute a modification of the judgment beyond Liquid's consent.

On May 4, 1954, the Court for reasons therein stated, made its decision denying the Government's motion for an order directing Liquid to sell the plants in question.

In the course of the argument on said motion counsel for Liquid stated, in substance, that it was his opinion that since the trustee had been unable to effect the sale of the said plants under the conditions provided in the judgment Liquid had the right to continue operation thereof, and intended so to do. As hereinabove stated, the Government, in its notice of motion, sought, in addition to an order directing the sale of said plants, "such other and further orders as might be deemed appropriate and necessary." In view of the aforementioned expression of opinion of Liquid's counsel the Court considered it advisable to incorporate in its decision of May 4, 1954, D.C., 121 F. Supp. 141, the provision to the effect that Liquid would be enjoined from the production of carbon dioxide and/or dry ice at both of the said plants.

On May 17, 1954, Liquid filed its motion for re-argument under General Rule 9(h) of the Rules of the United States District Court for the Southern and Eastern Districts of New York, stating as its grounds therefor (1) that the matter of injunctive restrictions was not provided for in the Consent Decree, (2) that it was not sought by the Government in its motion, and (3) that it was not submitted to the Court at the hearing and Liquid was given no opportunity to argue in opposition. On the third ground urged the Court granted leave to reargue.

█ As to the second ground urged by Liquid—that injunctive relief was not sought by the Government under its motion—attention is directed to the notice of said motion, which, in substance, asks for an order carrying out the final judgment by directing Liquid to dispose of its Long Island City and Indianapolis plants *and for such other further orders as might be deemed appropriate and necessary.* Under the said notice of motion the Court could, as it did, deny the specific relief asked for by the Govern-

ment and, at the same time, grant the injunctive relief provided for in its decision of May 4, 1954.

■ The remaining ground urged for re-argument, the first, is that the matter of injunctive relief, to which Liquid's motion is addressed, was not provided for in the consent judgment, and in support of that point Liquid argues that the consent decree *required* it to maintain and operate the said plants during the trusteeship. It apparently overlooks or ignores the fact that that provision in the decree was designed to make the plants more attractive to prospective purchasers from the trustee. Such purchasers, it may be added, would thereby become competitors of Liquid. The case of Hughes v. United States, 342 U.S. 353, 72 S.Ct. 306, 96 L.Ed. 394, referred to in the memorandum on re-argument, submitted by Liquid in support of its position on this point, was fully considered by the Court on the argument of the original motion, and was found to be distinguishable from the instant case.

Liquid argues further that if it thought the Government contended that it had any right to the injunctive relief granted by the Court it could have urged that the stoppage of the operation of the Indianapolis plant would be "considerably more of a penalty than a *conditional* order of divestiture with the *right* to operate until sold." (Italics added). The above quoted statement, particularly the underscored portion, is at complete variance with what the Court believes to have been the intent of the decree respecting the matters therein stated. In the opinion of the Court the provision for divestiture of the said plants was not *conditional*. Further, the provision for the operation thereof did not confer a *right* upon Liquid; on the contrary, it imposed a *duty*.

The Liquid memorandum makes entirely inapposite argument when it distinguishes between the Long Island City and Indianapolis plants, and dwells upon the harmful effect which compliance with the Court's injunctive order would have upon the latter, its owner and personnel. The judgment herein, to the entry of which Liquid gave its consent, makes no such distinction.

Liquid further lays great stress on what it characterizes as the Court's substantial modification of the judgment in granting injunctive relief herein. I find it difficult to understand how it can be seriously urged that the injunctive restrictions add a burden on Liquid which was not contemplated by the judgment. A sale of the plants by the trustee would have imposed an even greater burden, for it would have resulted not only in a discontinuance of operations by Liquid but also in the introduction of additional competition in the areas involved, a prime objective of the Government in the suit. The Court's granting of injunctive relief did not constitute a modification of the decree, as claimed by Liquid. It was merely an interpretation thereof.

■ In its decision of May 4, 1954, the Court enjoined the production of carbon dioxide and dry ice by Liquid at the Long Island City and Indianapolis plants. The Government, claiming that an order enjoining production alone would be inadequate, has asked the Court to extend the provision for injunctive relief to include storage and/or distribution of the restricted article. Obviously the failure to extend the relief, as requested would nullify, in part at least, the consent decree entered herein. Therefore, in order to effectuate what I believe to be the basic purpose of the decree, the Government's application to so extend the injunctive relief herein is granted.

Since it is my opinion that the decision of May 4, 1954, is consistent and in harmony with the consent judgment herein I am constrained to adhere to it, modified, however, so that Liquid shall be enjoined from using the Long Island City and Indianapolis plants for the

production, storage or distribution of carbon dioxide and/or dry ice.

Settle, on notice, the order to be entered on the Court's decision of May 4, 1954, as hereby modified.